```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF               :      CIVIL ACTION
                               :
PENN CENTRAL TRANSPORTATION CO. :     NO. 70-347
```

MEMORANDUM

Bartle, J.                                         December 6, 2011

      This matter is before the court as a result of the bankruptcy of the Penn Central Transportation Company ("PCTC"), a proceeding that began in this court in 1970.

      The reorganized entity that emerged from that bankruptcy, The Penn Central Corporation, now called American Premier Underwriters, Inc. (the "Reorganized Company"), has invoked this court's jurisdiction to challenge its liability to certain former employees (the "Claimants") of PCTC for a judgment entered against both PCTC and the Reorganized Company in the United States District Court for the Northern District of Ohio. The judgment confirms an arbitration award, as modified by the Surface Transportation Board ("STB"), in favor of Claimants for benefits, including pre-judgment interest, under a collective bargaining agreement.

      The Reorganized Company has moved for summary judgment in this court. The Claimants have countered with a motion under Rule 56(d) of the Federal Rules of Civil Procedure in which they assert that they cannot properly respond to the motion for

summary judgment without discovery.  They ask the court to defer consideration of the motion for summary judgment until it orders certain discovery to be produced to Claimants.

I.

Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer or deny the motion, or allow the nonmoving party time to obtain affidavits, declarations, or discovery.  In determining whether to grant a Rule 56(d) motion, we may consider, among other things, "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  Contractors Ass'n of E. Pa. v. City of Phila., 945 F.2d 1260, 1266 (3d Cir. 1991) (internal quotations omitted); see also Horvath v. Keystone Health Plan E., Inc., 333 F.3d 450, 458-59 (3d Cir. 2003).

II.

In 1968, the Pennsylvania Railroad Company and the New York Central Railroad Company merged into the Penn Central Transportation Company.  In preparation for the merger, the companies executed a Merger Protection Agreement ("MPA") that guaranteed employees of the railroads certain benefits in the event of their termination.  Shortly after the merger, numerous employees in PCTC's Cleveland railyards were furloughed.  In

-2-

1969, three groups of employees filed suit in the United States District Court for the Northern District of Ohio to enforce their rights under the MPA.  A fourth group of former employees filed suit against PCTC in the Northern District of Ohio in 1974.

In 1970, PCTC filed for bankruptcy in this court under § 77 of the Bankruptcy Act of 1898.  See Law of Aug. 27, 1935, ch. 774, Pub. L. No. 74-381, 49 Stat. 911-26 (1935) (repealed 1978).[1]  This court approved a stipulation in 1973 related to one of the Claimants' three lawsuits against PCTC.  That stipulation, docket entry 5383, states:

> IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Michael J. Knopick, et al, [sic] plaintiffs in a civil action against Penn Central Transportation Company, et al, [sic] formerly pending in the United States District Court for the Northern District of Ohio, Eastern Division, and being action No. C69-722 on the docket of said Court, and counsel for Trustees of the Debtor, that the aforementioned civil action may be reinstated on the docket of said Court and may continue to a conclusion in said Court.  Provided, however, ... that no judgment which may hereinafter be entered in said civil action shall be enforced except as hereinafter authorized by this Court.

---

1.  Congress added Section 77 to the Bankruptcy Act of 1898 in 1933.  Law of Mar. 3, 1933, ch. 204, Pub. L. No. 72-420, 47 Stat. 1467-82 (1933).  Section 77, and § 77(c) in particular, were significantly amended in 1935.  Law of Aug. 27, 1935, ch. 774, Pub. L. No. 74-381, 419 Stat. 911-26 (1935).  Section 77 governed bankruptcy proceedings of railroads until the enactment of the Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549.  See Cent. Trust Co., Rochester, N.Y. v. Official Creditors' Comm. of Geiger Enter., Inc., 454 U.S. 354, 695-96 (1982).

In 1975, the court approved a nearly identical stipulation regarding the 1974 action in the Northern District of Ohio against PCTC.  That court-approved stipulation is docket entry 8600.[2]

In 1978, a reorganized company, The Penn Central Corporation, emerged from this bankruptcy proceeding pursuant to a "Consummation Order and Final Decree" dated August 17, 1978.  As noted above, the Reorganized Company later changed its name to American Premier Underwriters, Inc.

Following a forty-year journey through the legal system, the details of which are not relevant for present purposes, the Claimants obtained a $13,453,504 arbitration award in July 2009.  Over $12 million of the $13,453,504 judgment represents pre-judgment interest.  The Reorganized Company argued to the three-person arbitration panel that PCTC alone is liable for any MPA benefits due to the Claimants.  The arbitrators found, however, that the Reorganized Company was estopped from denying it was a proper party to the arbitration based on its participation in the litigation giving rise to the arbitration

---

2.  Neither side has identified an order in which the court specifically authorized the other two 1969 actions against PCTC to continue.  Nevertheless, the judgment entered in 2011 by the United States District Court for the Northern District of Ohio leads us to conclude that those two cases did continue and have been litigated to conclusion.  See Watjen v. Penn Central, No. 69-675 (N.D. Ohio May 20, 2011) (order confirming arbitration award).

-4-

and in the arbitration itself.  The arbitration panel entered its award "against both the debtor and the reorganized company," both of which it viewed as "subsumed under" the name Penn Central.

On August 19, 2009, PCTC appealed the arbitration panel's award to the STB.[3]  The STB affirmed the award with slight modifications on January 6, 2011.  On May 11, 2011, the United States District Court for the Northern District of Ohio confirmed and entered judgment on the arbitration award as modified by the STB.  The judgment states that the court was adopting and confirming the arbitration award as modified by the STB.  The arbitration panel, we reiterate, determined that both PCTC and the Reorganized Company were liable for the award.

The Reorganized Company petitioned this court to exercise its retained jurisdiction to determine whether it is liable to Claimants under the judgment on the docket of the Northern District of Ohio.  Following a short discovery period, the Reorganized Company moved for summary judgment.  It argues that the judgment in favor of Claimants is without effect under the terms of the plan of reorganization approved by this court in 1978.  The Reorganized Company asserts that pre-judgment interest may not be paid under § 77 of the Bankruptcy Act of 1898.

---

3. In its petition to the STB for review of the arbitration award, PCTC noted that the award was made against both it and the Reorganized Company, but that this court, not the STB, would decide whether the award is enforceable against the Reorganized Company.

Alternatively, it contends that the judgment in favor of Claimants is analogous to a certain type of claim against the bankruptcy estate described in the plan as a Class D claim. Under the plan of reorganization, no interest is paid on such claims. The Reorganized Company also maintains that it is not responsible for MPA benefits under the terms of the plan of reorganization or the 1978 consummation order, and as such, the judgment entered by the United States District Court for the Northern District of Ohio is without effect as to it.

Following the filing of the Reorganized Company's summary judgment motion, Claimants filed the pending motion under Rule 56(d) of the Federal Rules of Civil Procedure in which they seek additional discovery before they are required to respond to the summary judgment motion. In particular, Claimants seek discovery as to the following five categories of information: (1) verification of the authenticity of a 1980 arbitration agreement between the Reorganized Company and the Claimants; (2) confirmation that the Reorganized Company did, in fact, participate in the arbitration that resulted in the judgment; (3) information concerning orders this court may have entered during this bankruptcy that modified "the merger protective conditions"[4]

---

4. Although the phrase "merger protective conditions" is not explained in Claimants' brief, we presume from the context that this means the conditions under which the Claimants became eligible for benefits under the MPA.

of the MPA pursuant to § 77(n) of the Bankruptcy Act of 1898 and the Railway Labor Act of 1934; (4) documents demonstrating how benefits were to paid to other MPA beneficiaries; and (5) documents revealing the status of money loaned to the Reorganized Company by the United States and stock of the Reorganized Company reserved for the purpose of paying MPA benefits.

The court heard oral argument on the Claimants' Rule 56(d) motion.  At that argument, the Reorganized Company stated that it does not contest the authenticity of the 1980 arbitration agreement and confirmed that it did participate in the arbitration at issue.[5]  Consequently, no discovery is necessary on the first or second items of information sought in the Claimants' motion.  The Reorganized Company further represented that this court did not modify the merger protective conditions under the MPA.  Discovery, therefore, is also not necessary on the third item of requested discovery.

With regard to the fourth category of discovery, Claimants argue that they should be permitted to inspect records of MPA benefits paid to other beneficiaries by either PCTC

---

5.  There remains, however, a dispute about the capacity in which the Reorganized Company participated in the arbitration.  The Reorganized Company maintains that it participated merely as PCTC's representative.  Claimants insist the Reorganized Company participated to represent its own interests.  The parties' arguments in this regard turn on the appropriate interpretation of the plan of reorganization.  Thus, this dispute does not warrant discovery.

(before and during bankruptcy) or the Reorganized Company (after the bankruptcy). Claimants contend this inspection will reveal whether other beneficiaries were paid interest. This bears, they assert, not only on their own entitlement to pre-judgment interest, but also on the Reorganized Company's argument that the judgment at issue is analogous to any money due on Class D claims under the plan of reorganization. As stated above, the plan of reorganization entered in this case does not provide for the payment of interest on Class D claims.

Claimants have reviewed the publicly-available records of this court, which they assert do not contain any record of payment of MPA benefits. Similarly, the approximately 550 boxes of bankruptcy records possessed and produced by the Reorganized Company, which Claimants reviewed, contain no record of payment of MPA benefits. Claimants aver that during discovery in the arbitration proceeding, however, the Reorganized Company produced 17 boxes of "claims" recording the payment of MPA benefits. Claimants wish renewed access to those documents.

Although it is unclear whether the payments reflected on these documents were made before, during, or after the bankruptcy, both the Claimants and the Reorganized Company have no information that any MPA benefits were paid after the bankruptcy, as opposed to before or during the bankruptcy. The Reorganized Company has represented to the court that no records

of payment of MPA benefits exist from the period after the bankruptcy.  The fruitless document review undertaken by Claimants in this case appears to confirm that representation.

The claim payment forms Claimants reviewed during arbitration and seek to review again are not "essential" to their opposition to the motion of the Reorganized Company for summary judgment.  See Fed. R. Civ. P. 56(d).  The Reorganized Company primarily argues in its motion that pre-judgment interest is not available under the Bankruptcy Act of 1898.  These claim forms will not shed any light on the meaning of that statute or the remedies available under it.  Moreover, there is a very low probability these records will reveal that other beneficiaries received interest on their MPA benefits.  In their Rule 56(d) motion, Claimants state that they believe other "comparable claims for merger protection were paid in cash in full contemporaneously with the demand" for such benefits.  Thus, even having reviewed the documents at issue once, Claimants have no reason to believe other MPA beneficiaries received interest.  In light of the discovery that has been conducted here and during the arbitration, and the low probability that the 17 boxes of already-reviewed claim records will show payment of interest on MPA benefit distributions, we will deny Claimants' request for a second production of these records.  Further, in light of the age and difficulty in locating any pertinent records that may still

be extant and the absence of personnel with any knowledge about them, we find that undue burden and expense preclude any requirement for further production.  See Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); see Langbord v. U.S. Dep't of Treasury, 06-5315, 2008 WL 4748174, at *5-*7 (E.D. Pa. Oct. 22, 2008).

Finally, Claimants seek discovery on the existence of any money loaned to the Reorganized Company by the United States for the purpose of paying MPA benefits.  Whether such money exists is unrelated to the legal arguments presented in the Reorganized Company's motion for summary judgment.  The Claimants are agreeable to deferring any discovery on this issue until the court rules on the Reorganized Company's summary judgment motion.  Accordingly, the court will deny the Claimants' motion for this discovery without prejudice to the right of Claimants to renew their motion in this respect should the court determine that the Reorganized Company is liable for any portion of the judgment at issue.